# In the United States Court of Federal Claims

No. 19-885C
(Filed July 23, 2019)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                    *
NAJA TALIBAH ZAHIR,                 *
                                    *
            Plaintiff,              *
                                    *
    v.                              *
                                    *
THE UNITED STATES,                  *
                                    *
            Defendant.              *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

On June 17, 2019, the complaint in this case was filed by *pro se* plaintiff Naja Talibah Zahir. Although the complaint is difficult to decipher, Ms. Zahir appears to discuss at length alleged misconduct regarding trusteeship over her bankruptcy estate by the state of Maryland. Compl. at 1–2. Plaintiff's claim appears to allege that certain "corporate employees" have falsified evidence during bankruptcy proceedings to imply that she is deceased when she is not. *Id.* at 2. She bases this on an unusual theory regarding the proper use of her surname. *Id.* Plaintiff also appears to accuse, in a conclusory manner, the federal government of "Human Sex Trafficking injury, Inland Pirating . . . . [and] failure to provide full disclosure of securities and return of stolen equity/credit . . . ." Compl. at 4–5.

As is frequently the case when people represent themselves, Ms. Zahir seems to misunderstand the jurisdiction given to our court by Congress. Under the Tucker Act, our court is primarily granted jurisdiction to hear cases brought against the U.S. government by parties alleging breach of a contract or the violation of a statute that requires the federal government to pay money in certain circumstances. *See* 28 U.S.C. § 1491(a). Plaintiff's complaint does not properly allege the existence of a contract with the federal government, and also fails to allege that the federal government violated a money-mandating statute. *See* Compl.; *cf. United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for

7018 0040 0001 1393 1341

money damages against the United States, and the substantive law must be money-mandating.").

The complaint is highly incoherent and difficult to understand, with Ms. Zahir referring to, for example, "U.S. ship/Vessel Citizen-Ships (Watery Maritime Ships that can evaporate into nothingness when exposed)." Compl. at 2. To the extent that Ms. Zahir complains about issues arising during the course of bankruptcy proceedings, those issues cannot be challenged in our court. *See Allustiarte v. United States*, 46 Fed. Cl. 713, 718 (2000) (holding that "[t]he Court of Federal Claims does not have the jurisdiction to review decisions issued during the normal course of bankruptcy proceedings."). If Ms. Zahir is unhappy with her bankruptcy proceedings, she "can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving,' . . . and then to the Court of Appeals for the . . . Circuit." *Celotex Corporation v. Edwards*, 514 U.S. 300, 313 (1995) (quoting 28 U.S.C. § 158(a)). Additionally, if Ms. Zahir is alleging criminal wrongdoing on the part of employees of Maryland and the federal government, our court also does not possess jurisdiction over those claims. *See Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Stanwyck v. United States*, 127 Fed. Cl. 308, 313–15 (2016). Nor, for that matter, can we entertain claims of tortious conduct. 28 U.S.C. § 1491(a) (the Court of Federal Claims does not have jurisdiction over claims "sounding in tort."). Plaintiff also seems to complain about misconduct by the state of Maryland as "trustee ex-officio" of her bankruptcy estate. Compl. at 2. Our court does not have jurisdiction to entertain cases against defendants other than the United States. *See Shalhoub v. United States*, 75 Fed. Cl. 584, 585 (2007) (explaining that "[t]he jurisdiction of this court extends only to suits against the United States.").

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of our court, a *sua sponte* dismissal is required. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) ("If the court at any time determines that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (stating that "jurisdiction may be challenged at any time by . . . the court *sua sponte*"). Since our court lacks subject-matter jurisdiction over Ms. Zahir's complaint it is therefore **DISMISSED** pursuant to RCFC 12(h)(3). The Clerk is directed to close the case.†

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge

---

† Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**